UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MARK A. KRULL,<br><br>        Plaintiff,<br><br>v.<br><br>ANYTIME FITNESS, L. L. C. and LIFE FITNESS, a division of BRUNSWICK CORPORATION,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.:_____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff, Mark A. Krull, for his Complaint against Defendants, Anytime Fitness, L.L.C. and Life Fitness, a division of Brunswick Corporation, alleges as follows:

PARTIES

    1.    Mark A. Krull is an individual residing in New Braunfels, Texas ("Krull").

    2.    Anytime Fitness, L.L.C. is a Minnesota limited liability company with its principal place of business located in Hastings, Minnesota ("Anytime").

    3.    Anytime is a franchising company, with franchised fitness clubs located throughout the United States, including Minnesota.

    4.    Life Fitness is a division of Brunswick Corporation with its principal place of business located in Schiller Park, Illinois ("Life Fitness").

    5.    Life Fitness has a regular and established fitness equipment manufacturing facility located in Ramsey, Minnesota.

## JURISDICTION AND VENUE

6. The allegations set forth in paragraphs 1-5 are hereby realleged in this section.

7. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. Venue is proper in this judicial district, pursuant to at least 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## PATENT INFRINGEMENT COUNTS

10. The allegations set forth and/or realleged in paragraphs 1-9 are hereby realleged in this section.

11. The "First Accused Products" are Life Fitness Signature Series single station weight machines, examples of which are shown in the attached Exhibit A.

12. The First Accused Products and/or the manner in which they are manufactured and/or used fall within the scope of at least Krull's U.S. Patent Nos. 6,902,516 ('516 Patent) and 8,137,248 ('248 Patent) (collectively "First Asserted Patents").

13. The "Second Accused Products" are Life Fitness Pro2 Series and Optima Series weight machines, examples of which are shown in the attached Exhibit B.

14. The Second Accused Products and/or the manner in which they are manufactured and/or used fall within the scope of at least Krull's U.S. Patent No. 6,387,019 ('019 Patent or the "Second Asserted Patent").

15. Anytime induces its franchisee clubs to purchase fitness equipment from Anytime approved manufacturers. Life Fitness is an Anytime approved manufacturer.

16.   Anytime also induces its franchisee clubs to purchase Anytime approved models, brands or series of fitness equipment. The First Accused Products are an Anytime approved series of fitness equipment.

17.   Anytime receives consideration from or through Life Fitness for inducing its franchisee clubs to purchase the First Accused Products.

18.   Krull is the sole and rightful owner of all right, title and interest in and to the First Asserted Patents and the Second Asserted Patent.

19.   The activities of Defendants involving the First Accused Products have infringed the First Asserted Patents to the detriment of Krull, and entitle Krull to injunctive relief, damages, enhanced damages, reasonable attorney fees, and costs.

20.   The activities of Defendant Life Fitness involving the Second Accused Products have infringed the Second Asserted Patent to the detriment of Krull, and entitle Krull to injunctive relief, damages, enhanced damages, reasonable attorney fees, and costs.

21.   In December of 2011, Krull notified Life Fitness that the First Accused Products infringed the '516 Patent, and that the Second Accused Products infringed the '019 Patent.

22.   In April of 2012, Krull notified Life Fitness that the First Accused Products infringed the '248 Patent.

COUNT I

INFRINGEMENT OF U.S. PATENT NO. 6,902,516

23.   The allegations set forth and/or realleged in paragraphs 1-22 are hereby realleged in this section.

24.   The '516 Patent was duly and properly issued by the U.S. Patent and Trademark Office on June 7, 2005, and remains in full force and effect.

25. A true and correct copy of the '516 Patent is attached hereto as Exhibit C.

26. Each Defendant has infringed, induced infringement of, and/or contributed to infringement of the '516 Patent by making, using, offering for sale, selling and/or importing the First Accused Products in the United States, and/or inducing another to use the First Accused Products in the United States.

27. Such infringement activity by Defendants has been knowing and willful.

28. By reason of the foregoing, Krull is entitled to relief against each Defendant, pursuant to at least 35 U.S.C. § 284.

29. Unless enjoined by this Court, Defendants will continue to infringe upon the '516 Patent.

30. As a direct and proximate result of the acts of Defendants alleged above, Krull has sustained and will continue to sustain lost revenues, while Defendants continue to realize profits. Krull will continue to sustain such damages until Defendants' infringing actions are enjoined by this Court.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 8,137,248

31. The allegations set forth and/or realleged in paragraphs 1-22 are hereby realleged in this section.

32. The '248 Patent was duly and properly issued by the U.S. Patent and Trademark Office on March 20, 2012, and remains in full force and effect.

33. A true and correct copy of the '248 Patent is attached hereto as Exhibit D.

34. Each Defendant has infringed, induced infringement of, and/or contributed to infringement of the '248 Patent by making, using, offering for sale, selling and/or the First

Accused Products in the United States, and/or inducing another to use the First Accused Products in the United States.

35. Such infringement activity by Defendants has been knowing and willful.

36. By reason of the foregoing, Krull is entitled to relief against each Defendant, pursuant to at least 35 U.S.C. § 284.

37. Unless enjoined by this Court, Defendants will continue to infringe upon the '248 Patent.

38. As a direct and proximate result of the acts of Defendants alleged above, Krull has sustained and will continue to sustain lost revenues, while Defendants continue to realize profits. Krull will continue to sustain such damages until Defendants' infringing actions are enjoined by this Court.

## COUNT III

### INFRINGEMENT OF U.S. PATENT NO. 6,387,019

39. The allegations set forth and/or realleged in paragraphs 1-22 are hereby realleged in this section.

40. The '019 Patent was duly and properly issued by the U.S. Patent and Trademark Office on May 14, 2002, and remains in full force and effect.

41. A true and correct copy of the '019 Patent is attached hereto as Exhibit E.

42. Defendant Life Fitness has infringed the '019 Patent by making, using, offering for sale, selling and/or importing the Second Accused Products in the United States.

43. Such infringement activity by Life Fitness has been knowing and willful.

44. By reason of the foregoing, Krull is entitled to relief against Life Fitness, pursuant to at least 35 U.S.C. § 284.

45. Unless enjoined by this Court, Life Fitness will continue to infringe upon the '019 Patent.

46. As a direct and proximate result of the acts of Life Fitness alleged above, Krull has sustained and will continue to sustain lost revenues, while Life Fitness continues to realize profits. Krull will continue to sustain such damages until Life Fitness' infringing actions are enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Krull prays for relief as follows:

A. A judgment that each Defendant has infringed the '516 Patent;

B. A judgment that each Defendant has infringed the '248 Patent;

C. An order permanently enjoining each Defendant, its agents, servants, and any and all parties acting in concert with any of them, from directly or indirectly making, using, selling, offering for sale or importing the First Accused Products in the United States pursuant to at least 35 U.S.C. § 283;

D. A judgment against each Defendant awarding Krull damages adequate to fully compensate Krull for each Defendant's infringement of the '516 Patent, together with interest and costs, pursuant to at least 35 U.S.C. § 284;

E. A judgment against each Defendant awarding Krull damages adequate to fully compensate Krull for each Defendant's infringement of the '248 Patent, together with interest and costs, pursuant to at least 35 U.S.C. § 284;

F. A judgment that the damages awarded to Krull for each Defendants' infringement of the '516 Patent be trebled, pursuant to at least 35 U.S.C. § 284;

G.    A judgment that the damages awarded to Krull for each Defendants' infringement of the '248 Patent be trebled, pursuant to at least 35 U.S.C. § 284;

H.    A judgment that Life Fitness has infringed the '019 Patent;

I.    An order permanently enjoining Defendant Life Fitness, its agents, servants, and any and all parties acting in concert with any of them, from directly or indirectly making, using, selling, offering for sale or importing the Second Accused Products in the United States, pursuant to at least 35 U.S.C. § 283;

J.    A judgment against Life Fitness awarding Krull damages adequate to fully compensate Krull for Life Fitness's infringement of the '019 Patent, together with interest and costs, pursuant to at least 35 U.S.C. § 284;

K.    A judgment that the damages awarded to Krull for Life Fitness's infringement of the '019 Patent be trebled, pursuant to at least 35 U.S.C. § 284;

L.    A judgment against each Defendant awarding Krull reasonable attorney fees, pursuant to at least 35 U.S.C. § 285; and

M.    Such other and further relief as the Court deems just and equitable.

Dated: 27 Aug 2013

SHERRILL LAW OFFICES, PLLC

By: _____
Michael S. Sherrill, #164,987
Kathryn K. Smith, #260,812
4756 Banning Avenue, Suite 212
White Bear Lake, MN 55110-3205
TEL: (651) 426-2400
FAX: (651) 426-2322
Email: MichaelS@SherrillLaw.com
       KathrynS@SherrillLaw.com

ATTORNEYS FOR PLAINTIFF